IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DAVID MEJIA, § | | |
| TDCJ # 863486, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 6:13-CV-47 |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## ORDER ADOPTING PORTIONS OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DEEMING PETITION A SUMMARY JUDGMENT MOTION, AND WITHDRAWING REFERENCE

In this habeas case, United States Magistrate Judge John Froeschner issued a Report and Recommendation [Doc. # 54] on March 14, 2017, recommending that Respondent Davis's Amended Motion for Summary Judgment [Doc. # 47] be granted in part and denied in part. The Report and Recommendation recommended denying summary judgment to Respondent on two of Petitioner Mejia's claims: (1) that trial counsel was ineffective for failure to call Petitioner's brother, Marcus Mejia, as a witness, and (2) that trial counsel was ineffective for failure to request jury instructions on lesser-included offenses. On all other issues raised by Petitioner, the Report and Recommendation recommended granting summary judgment in favor of

Respondent.

Respondent Davis timely filed Objections [Doc. # 56] to the Report and Recommendation. Petitioner did not file objections.

The Court has reviewed the Report and Recommendation, as well as Respondent's Objections, the parties' submissions, all matters of record, and applicable legal authorities. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Neither party has filed objections to the Recommendations that summary judgment be granted to Respondent on four of Petitioner's claims: (i) that Petitioner was denied due process by the State's alleged concealment of its promises not to prosecute witnesses and its alleged threats against witnesses; (ii) that Petitioner's trial counsel rendered ineffective assistance of counsel for failure to examine the State's witnesses about promises of immunity from prosecution or threats against them; (iii) that Petitioner was constructively denied counsel on direct appeal[1]; and (iv) that Petitioner's trial counsel rendered ineffective assistance at the punishment phase for failure to investigate Petitioner's juvenile criminal record.[2] After careful review, the

---

[1] Mejia withdrew this claim in his summary judgment response. *See* Doc. # 51, at 16-17 n.5.

[2] "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive
(continued...)

Court determines that Petitioner has not demonstrated a genuine issue of material fact on these issues, and thus that the Report and Recommendation should be **adopted** as to these four claims.[3]

As for the portions of the Report and Recommendation to which Respondent specifically objected, the Court currently is conducting a *de novo* review. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 347 (5th Cir. 2012). Several claims remain pending before this Court, in particular, whether Petitioner's trial counsel was ineffective for failure to call Marcus Mejia to the witness stand, for failing to disclose a direct conflict of interest resulting from trial counsel's simultaneous representation of Marcus Mejia in a separate juvenile proceeding,[4] and for failure to request jury instructions regarding

---

[2] (...continued)
or general objections need not be considered by the district court." *Id*. at 410 n.8; *accord United States v. Carrillo-Morales*, 27 F.3d 1054, 1061 (5th Cir. 1994).

[3] As noted in the Report and Recommendation, this Court denied Petitioner's request for discovery, holding that Petitioner had not made a sufficient showing under statutory authority, case law, and Habeas Rule 6. *See* Order [Doc. # 38]. The Court noted that the ruling did not preclude authorization of investigative funds, and stayed the case for six months to permit appointed counsel to conduct an investigation. Mejia subsequently was granted investigative funds. Nevertheless, Petitioner has failed to present any additional evidence or argument in support of the four claims above.

[4] The Court is reviewing the statement in the Report and Recommendation, at 21, that "it appears the allegations [regarding trial counsel's conflict of interest] raise a new and independent claim which is time-barred," as well as Petitioner's arguments that the claim regarding the conflict of interest "relates back" to Petitioner's earlier claim
(continued...)

lesser-included offenses.  The Court now notifies the parties that, on those three issues, the Court deems the Petition [Doc. # 45] a summary judgment motion filed by Petitioner.  While the prior briefing on these claims is extensive, the parties are permitted to submit supplemental briefing on these issues on or before **June 7, 2017**, and may file responsive briefs on or before **June 16, 2017**.

It is therefore

**ORDERED** that the Magistrate Judge's Report and Recommendation [Doc. # 54] is **ADOPTED in part** and Respondent's Amended Motion for Summary Judgment [Doc. # 47] is **GRANTED in part**.  Summary judgment is granted to Respondent on Petitioner's claims that  (i) Petitioner was denied due process by the State's alleged concealment of its promises not to prosecute witnesses and its alleged threats against witnesses; (ii) Petitioner's trial counsel rendered ineffective assistance of counsel for failure to examine the State's witnesses about promises of immunity from prosecution or threats against them; (iii) Petitioner was constructively denied counsel on direct appeal; and (iv) Petitioner's trial counsel rendered ineffective assistance at the punishment phase for failure to investigate Petitioner's juvenile criminal record.  It is further

---

4  (...continued)
that trial counsel was ineffective for failure to call Marcus Mejia to the witness stand. The Court declines to adopt the Report and Recommendation on this point, and the parties may address these issues in their supplemental briefing.

**ORDERED** that, regarding the remaining issues (ineffective assistance of counsel for failure to call Marcus Mejia as a witness, for counsel's failure to disclose a direct conflict of interest, and for counsel's failure to request jury instructions on lesser-included offenses), the Court deems the Petition [Doc. # 45] a motion for summary judgment upon which the Court may grant relief. The parties may submit supplemental briefing limited to these issues on or before **June 7, 2017**, and may file responses on or before **June 16, 2017**. It is further

**ORDERED** that the Court hereby **WITHDRAWS** the reference of this proceeding to United States Magistrate Judge John Froeschner. This Court will adjudicate all pending and future matters. Courtesy copies of all documents filed hereafter must be provided promptly to the undersigned.

**SIGNED** at Houston, Texas, this 25th day of **May, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE