United States District Court
Southern District of Texas
**ENTERED**
August 23, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DAVID MEJIA, <br> TDCJ # 00863486, <br><br> Petitioner, <br><br> VS. <br><br> LORIE DAVIS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 6:13-0047 |

## MEMORANDUM AND ORDER

On October 11, 2017, this Court entered Final Judgment [Doc. # 63] conditionally granting a writ of habeas corpus to Petitioner David Mejia. After the Court of Appeals for the Fifth Circuit vacated the judgment and rendered judgment for Respondent, this Court entered a second Final Judgment in favor of Respondent [Doc. # 70]. The United States Supreme Court denied Mejia's petition for a writ of *certiorari* on February 19, 2019 [Doc. # 73].

On August 1, 2019, Petitioner filed a *pro se* "Motion for Relief from Judgment and/or Order, Pursuant to Rule 60(b)(6), Fed. R. Civ. P." [Doc. # 74] ("Motion"). Rule 60(b) is an uncommon means for relief, and "final judgments should not be lightly reopened." *Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (internal citation, alteration, and quotation marks omitted). A

Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). Rule 60(b)(6) is a "residual or catch-all provision to cover unforeseen contingencies." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). Relief under Rule 60(b)(6) is appropriate only if "extraordinary circumstances" are present. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005).

Petitioner argues that relief under Rule 60(b) is warranted because Respondent's summary judgment motion, filed in 2016 before this Court's ruling granting conditional relief, contained a clear misrepresentation regarding his trial counsel's strategy. *See* Motion, at 6 (arguing that Respondent's briefing improperly characterized trial counsel as using an "all or nothing" strategy to present the jury with only two options, either a murder conviction or acquittal). He cites to the same argument in Respondent's briefing before the Fifth Circuit, and argues that Respondent's characterization is not supported by the state habeas record.

As a preliminary matter, the Court notes that Petitioner's Motion appears to challenge the appellate court's ruling, which vacated this Court's conditional grant of habeas relief, rather than a judgment from this Court. In fact, Mejia states repeatedly that he is entitled to relief because the Fifth Circuit "adopted" or

"accepted" Respondent's argument. *See*, *e.g.*, *id*. at 7-8. This Court lacks authority to grant Petitioner relief from the appellate court's judgment.

To the extent Mejia seeks relief from the Court's second Final Judgment [Doc. # 70], entered in favor of Respondent after the appellate court ruling, he fails to state a valid basis for relief under Rule 60(b). Among other reasons, his current arguments regarding Respondent's briefing were made, or could have been made, before this Court entered judgment. *See Dial One*, 401 F.3d at 607. Therefore it is

**ORDERED** that Petitioner's Motion for Relief from Judgment and/or Order, Pursuant to Rule 60(b)(6), Fed. R. Civ. P. [Doc. # 74] is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of **August, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE